UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                    :

R&Q REINSURANCE COMPANY,         :
                      Plaintiff,     :

                                      :

         -against-               :

                                      :

ALLIANZ INSURANCE COMPANY,     :
                     Defendant.    :

                                      :
-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __03/20/2015__

15 Civ. 00166 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

       This action, removed from the Supreme Court of the State of New York, New York

County, concerns an indemnification dispute arising out of two reinsurance agreements entered

into by the parties. Plaintiff R&Q Reinsurance Company ("R&Q") moves to remand the case to

state court and seeks attorneys' fees and costs resulting from the removal. For the following

reasons, R&Q's motion to remand is granted, and its application for attorneys' fees and costs is

denied.

**BACKGROUND**

       On December 5, 2014, R&Q commenced this action in New York County Supreme Court

against Defendant Allianz Insurance Company ("Allianz"). The Complaint alleges that R&Q is

a Pennsylvania corporation with its principal place of business in Pennsylvania, and that Allianz

is a California corporation with its principal place of business in Illinois.[1] The Complaint alleges

that the parties entered into two reinsurance contracts in which R&Q agreed to indemnify Allianz

up to $2 million per occurrence or in the aggregate for losses and expenses incurred each year.

The Complaint alleges that Allianz overbilled -- and R&Q paid -- $89,173.61 in excess of the $2

---

[1]      Allianz notes that it is actually an Illinois corporation. Whether Allianz was incorporated
in Illinois or California, however, does not affect the result here.

million per year limit.  The Complaint raises three claims.  The first claim alleges that Allianz breached the parties' contracts by billing R&Q amounts in excess of the $2 million limit; similarly, the second claim alleges that Allianz was unjustly enriched when it received payments of $89,173.61.  The third claim seeks a declaratory judgment that R&Q's liability to Allianz is capped annually at $2 million for loss and expense payments combined.

On December 10, 2014, Allianz was served with the Summons and Complaint for the state court action.  On January 8, 2015, Allianz filed its Answer.  The Answer avers that the parties' reinsurance contracts specified that (1) R&Q's liability for loss payments would be capped at $2 million but (2) R&Q would additionally be liable for a pro rata share of expense payments.  The Answer also raises two counterclaims.  The first counterclaim alleges that R&Q breached its contracts with Allianz by failing and refusing to pay its proportion of expense payments, in addition to $2 million in loss payments; Allianz seeks damages in the amount of $1,973,638.16.[2]  The second counterclaim seeks a declaratory judgment that (a) the parties' contracts do not cap R&Q's liability at $2 million for loss and expense payments combined and (b) R&Q owes Allianz for unpaid cessions -- in the amount of $1,973,638.16 -- plus future amounts paid and the loss of use of Allianz's funds.

On January 9, 2015, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Allianz timely removed the action to this Court on the basis of diversity jurisdiction.

---

[2]     The first counterclaim lists damages of $977,005.69 for the parties' first contract and $996,810.77 for the second contract, or $1,973,638.16 in total.  However, the total calculated by Defendant is incorrect, as the sum of damages alleged for both contracts actually amounts to $1,973,816.46.  Nevertheless, this arithmetical discrepancy is immaterial for the purpose of adjudicating this motion.

**STANDARD**

"Where a removal is challenged, the removing party 'bears the burden of showing that federal jurisdiction is proper.'" *Landesbank Baden-Wurttemberg v. Capital One Fin. Corp.*, 954 F. Supp. 2d 223, 225 (S.D.N.Y. 2013) (quoting *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011)).  "It frequently is said that federal courts should strictly construe the general removal statute and resolve doubts in favor of remand."  14B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3721 (4th ed.) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941)).  However, "the federal court should be cautious about remand, lest it erroneously deprive defendant of the right to a federal forum." *Contitrade Servs. Corp. v. Eddie Bauer, Inc.*, 794 F. Supp. 514, 516 (S.D.N.Y. 1992) (citation and internal quotation marks omitted).

**DISCUSSION**

**I.      REMAND**

As Allianz waived its right to remove by seeking affirmative relief in state court, this action was improperly removed and must be remanded to state court.

**A.      Applicable Law**

"To remove a case based on diversity jurisdiction, it is incumbent upon the diverse defendant to aver that all the requirements of diversity jurisdiction have been met."  *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010).  Diversity jurisdiction is established "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332.

However, a party may waive its right of removal, even if it can show that all jurisdictional requirements have been met.  Specifically, "a party who voluntarily submits to the jurisdiction of a state court by filing a permissive counterclaim . . . waives the right of removal."

*Harris v. Brooklyn Dressing Corp.*, 560 F. Supp. 940, 942 (S.D.N.Y. 1983); *accord Aqualon Co. v. Mac Equip., Inc.*, 149 F.3d 262, 264 (4th Cir. 1998) ("A defendant may waive the right to remove by taking some such substantial defensive action in the state court *before* petitioning for removal."); *Isaacs v. Group Health, Inc.*, 668 F. Supp. 306, 313-314 (S.D.N.Y. 1987) ("The voluntary assertion . . . of counterclaims . . . and cross-claims . . . , prior to service and filing of [the] removal petition, constitutes a waiver of the right to removal."); 16 James W. Moore, et al., Moore's Federal Practice, § 107.18[3][a] ("Participating in state court proceedings, such as seeking some form of affirmative relief, when the defendant is not compelled to take the action . . . constitute[s] a waiver of the defendant's right to remove to federal court.").  Under New York law, all counterclaims are deemed permissive by statute.  *See* N.Y. C.P.L.R. § 3019; Siegel, N.Y. Prac. § 632 ("All counterclaims in New York are permissive, whether or not they are related to the plaintiff's claim . . . .").

A party does *not* waive its right of removal, however, if its counterclaims are in reality "superfluous."  *Morgan v. Nikko Sec. Co. Int'l, Inc.*, 691 F. Supp. 792, 799 (S.D.N.Y. 1988).  In other words, a party waives its right of removal only if it asks the state court to do more "than to merely deny the [plaintiff] the relief it requested."  *Id.*; *accord id.* at 800 ("[T]he defendant here did not seek affirmative relief by filing its cross-motion.  Denial of the plaintiff's motion would have sufficed to give the defendant all the relief it could achieve through its cross-motion.").

**B.  Application**

Here, the face of the Complaint demonstrates that this action meets the requirements for diversity jurisdiction.  Plaintiff is domiciled and operates its principal place of business in different states from Defendant's domicile and principal place of business, and the amount in controversy exceeds $75,000.

Nevertheless, this action was improperly removed, as Allianz waived its right of removal by raising counterclaims prior to filing its notice of removal. Allianz argues that its counterclaims merely sought the relief to which it would have been entitled had the state court denied R&Q's claims. Accordingly, Allianz asserts, the exception articulated in *Morgan* applies here, and this action was properly removed. This argument fails.

Juxtaposed with the Complaint, Allianz's counterclaims clearly seek more relief than the denial of R&Q's claims. First, R&Q's first and second claims seek essentially the same relief -- the return of $89,173.61 in payments that R&Q believes Allianz improperly received. If these claims were denied, the "relief" Allianz would obtain would be simple -- it would not be obligated to return any funds to R&Q. R&Q likewise would not be obligated to pay Allianz any money. By contrast, Allianz's first counterclaim seeks something more; it demands that R&Q pay Allianz unpaid cessions in the amount of $1,973,816.46.[3] Second, R&Q's third claim seeks a declaratory judgment that, under the parties' agreements, its annual liability is limited to $2 million for loss and expense payments combined. By contrast, Allianz's second counterclaim seeks a judicial declaration not only that (1) the parties' agreements do not cap R&Q's annual liability to $2 million for losses and expenses combined, but also that (2) R&Q owes Allianz $1,973,816.46 in unpaid cessions and (3) R&Q also owes Allianz any future amounts paid and the loss of use of Allianz's funds.

The *Morgan* exception is therefore inapplicable here, and the action must be remanded to state court.

---

[3]     The second counterclaim alleges $977,005.69 in damages for the parties' first contract and $996,810.77 for the second contract. Unlike the first counterclaim, the second counterclaim does not specify the sum of these figures. The correct sum of these figures is used here.

## II.   ATTORNEYS' FEES AND COSTS

R&Q argues that, despite having waived its right of removal, Allianz removed this action to federal court and caused R&Q to incur significant costs in moving to remand.  R&Q requests that attorneys' fees and costs that R&Q incurred resulting from removal be assessed against Allianz.  For the following reasons, the application is denied.

Section 1447 -- the federal statute specifying the procedure for removal -- provides, "An order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c) (emphasis added).  In *Martin v. Franklin Capital Corporation*, the Supreme Court interpreted section 1447(c) in great detail.  It held:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

546 U.S. 132, 141 (2005).

Here, R&Q has failed to show any "unusual circumstances" that warrant an award of attorneys' fees and costs.  Nor has it shown that Allianz "lacked an objectively reasonable basis for seeking removal," especially given that -- on the face of the Complaint -- this matter meets all of the requirements for diversity jurisdiction.

Accordingly, R&Q's application for attorney's fees and costs is denied.

**CONCLUSION**

Accordingly, R&Q's motion to remand is GRANTED, and this case is hereby

REMANDED to state court.  R&Q's application for attorneys' fees and costs is DENIED.

Pursuant to section 1447(c), the Clerk of Court is respectfully directed to mail a certified

copy of this Opinion and Order to the Supreme Court of the State of New York, New York

County.  The Clerk of Court is further directed to close the case and terminate any outstanding

motions, deadlines and conferences.

SO ORDERED.

Dated: New York, New York
         March 20, 2015

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**